OPINION
This matter presents a timely appeal from a jury verdict and a judgment rendered upon such verdict by the Columbiana County Common Pleas Court, finding defendant-appellant, Neil E. Herron, guilty on three counts of rape, in violation of R.C.2907.02(A)(1)(b), and two counts of corruption of a minor, in violation of R.C. 2907.04(A), along with designating him a sexual predator.
The victim's father, Ralph Johnson (Johnson), met appellant in truck driving school. They became friends and eventually worked together. In 1993, Johnson became ill and could no longer work. As a result, he and his family experienced financial difficulties. The home they were renting was sold, and the family needed a place to live.
Appellant lived alone in Salem, Ohio and he suggested that Johnson and his family stay at his apartment until they were able to get on their feet. In April, 1994, Johnson, his wife and their two daughters moved in with appellant. It was alleged that appellant engaged in sexual conduct with Johnson's youngest daughter on five separate occasions, during the time Johnson and his family resided with appellant. On three of the occasions, the victim was less than thirteen years of age.
On January 15, 1998, appellant was indicted by the Columbiana County Grand Jury on three counts of rape and two counts of corruption of a minor. He pled not guilty to all counts and this matter proceeded to jury trial on June 22, 1998. Following due deliberation of the testimony and evidence presented at trial, the jury found appellant guilty on all counts as charged. The trial court entered judgment on the jury verdict and sentenced appellant to serve consecutive, indefinite incarceration terms of ten to twenty-five years on each of the three counts of rape; ten years of each count being actual incarceration. Additionally, appellant was sentenced to serve consecutive, definite twelve month incarceration terms for each of the two counts of corruption of a minor. At the same time, the trial court also designated appellant a sexual predator pursuant to R.C. 2950.09.
Pursuant to Crim.R. 33(A)(2), appellant thereafter filed a motion for a new trial. The trial court overruled his motion. Appellant appealed the trial court's judgment on the merits and the trial court's denial of his motion for a new trial. Both appeals were consolidated by this court pursuant to journal entry filed November 18, 1998.
Appellant sets forth three assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court's judgment was against the manifest weight of the evidence presented at trial. The medical evidence did not establish that sexual intercourse had occurred. Further, the victim's statements were contradictory. The evidence adduced at trial casts sufficient doubt on the state's case that a guilty verdict was unwarranted."
Appellant argues that there was no physical or scientific evidence to prove that he engaged in sexual conduct with the victim. First, he notes that the cot on which the acts allegedly occurred, tested negative for the presence of semen. (Tr. 212). Next, appellant contends that the testimony given at trial had no bearing on whether he committed the offenses for which he was charged.
Dr. Stephanie Dewar, a pediatrician who examined the victim, testified that based upon her examination, she believed the victim to be sexually active. (Tr. 157). Appellant argues that this did not establish that he engaged in sexual conduct with the victim.
The victim's father, Ralph Johnson, testified that on one occasion, appellant was alone in the apartment with the victim and her older sister. Johnson purportedly returned earlier than expected and found the victim sitting on appellant's lap. Johnson claimed that appellant was kissing the victim on the lips. Johnson testified that he confronted appellant about what he had seen, and appellant essentially explained that it was simply a friendly gesture. (Tr. 179-180). This, appellant maintains, was not probative as to any of the charges set forth in the indictment.
Finally, appellant submits that the victim's testimony contradicted prior statements made by her. The victim gave a recorded statement to police officials on September 22, 1997. In that statement, the victim was asked whether appellant ever touched her anywhere that was inappropriate. She replied, "He tried but he didn't." At trial, the victim testified that appellant "pulled [her] pants down and * * * put his penis in [her] vagina." (Tr. 242). Appellant insists that this court must evaluate the victim's credibility. He argues that, given the victim's conflicting statements, no credible evidence was presented and thus, his conviction should be reversed.
Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the trier-of-fact or whether the evidence is legally sufficient as a matter of law to support a conviction. State v. Smith (1997), 80 Ohio St.3d 89,113. In essence, sufficiency is a test of adequacy. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a conviction is a question of law.Thompkins, supra. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, supra at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (See Thompkins, supra). "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Thompkins, supra at 387.
In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Thompkins, supra at 390 (Cook, J., concurring). "`A reversal based on the weight of the evidence, moreover, can occur only after the State both has presentedsufficient evidence to support conviction and has persuaded the jury to convict.'" Thompkins, supra at 388.
Additionally, the weight to be given to the evidence and the credibility of the witnesses presented are primarily issues within the province of the trier-of-fact. State v. DeHass (1967),10 Ohio St.2d 230.
Appellant was convicted of rape, in violation of R.C.2907.02(A)(1)(b), and corruption of a minor, in violation of2907.04(A). R.C. 2907.02 provides, in pertinent part:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
"* * *
 "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
In this case, it is undisputed that the victim was not appellant's spouse and that she was less than thirteen years of age on the dates alleged in the three counts of rape. The only question, therefore, is whether appellant engaged in sexual conduct with the victim.
The jury heard testimony from Dr. Stephanie Dewar, a pediatrician at Tod Children's Hospital. She testified that the victim came to her for an evaluation of sexual abuse. (Tr. 152). The victim told her that she had been sexually abused to the extent of full vaginal intercourse. (Tr. 153). The victim willingly submitted to an intrusive physical examination that indicated she had been sexually active. (Tr. 155-57).
Ralph Johnson, the victim's father, testified that he witnessed appellant kissing the victim on the lips while she sat on his lap. (Tr. 180). He testified that appellant spent a lot of time with the victim, and that they developed an unusual relationship. The victim packed appellant's lunch every evening; they kept conversations to a whisper and immediately stopped talking when someone entered the room; appellant suggested that the victim's parents dress her more maturely; and, while the family was on vacation, appellant called to speak with them and the victim every day. (Tr. 183-186).
Johnson testified that appellant exercised enormous control over the victim. He claimed that the victim developed appellant's mannerisms, and when she was hospitalized for a scheduled tonsillectomy, she requested appellant's presence in lieu of her parents'. (Tr. 186-188). Upon the advice of a counselor, Johnson decided to send the victim on a vacation to a relative's house in Texas. Johnson stated that the victim was excited until she talked to appellant; thereafter, she insisted that she was staying home and that her parents could not make her go. (Tr. 188-189).
The victim testified that, on the dates set forth in the indictment with regards to the three counts of rape, appellant engaged in sexual intercourse with her. (Tr. 236-237, 241-242). She recalled the specific dates because they coincided with memorable occasions. The first incident occurred shortly after her twelfth birthday. The second incident happened on April 19, 1995, the day of the Oklahoma City bombing. The third incident took place on October 31, 1995, Halloween Night.
During her September 22, 1997 statement to police officials, the victim stated that appellant did not touch her. During her subsequent statement on September 23, 1997 and her testimony at trial, the victim stated that he engaged in sexual intercourse with her. Sherryn Swagger, an investigator with Columbiana County Children's Services, explained the discrepancies, testifying that children who are the victims of sexual abuse tend to open up and disclose information over time. Furthermore, appellant had the opportunity to cross-examine the victim regarding her statements.
Appellant called no witnesses to the stand and put on no evidence in his defense.
In light of the foregoing, the jury had sufficient credible evidence before it from which to convict appellant for the three counts of rape and such convictions were not against the manifest weight of the evidence.
R.C. 2907.04(A) states:
 "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
It is undisputed that appellant was over the age of eighteen and that the victim was between the ages of thirteen and sixteen on the dates set forth in the indictment concerning the two counts of corruption of a minor. Therefore, only two issues must be addressed. The first issue is whether appellant knew that the victim was between the ages of thirteen and sixteen, or in the alternative, whether he was reckless in that regard. By the date upon which the indictment reflects that the first act of corruption of a minor occurred, appellant had lived with the victim and her family for more than three years. It stretches credibility to believe that appellant was ignorant of the child's age.
The final issue to be addressed is whether appellant engaged in sexual conduct with the victim on the dates set forth in the indictment. The victim testified that appellant engaged in sexual conduct with her on those dates. She recalled the incident which occurred on June 30, 1997, because that was the day before she was scheduled to have her tonsils removed. (Tr. 243-244). She likewise remembered the events that occurred on July 16, 1997, because she had recently returned from the hospital and could not climb steps. She testified that she had to sleep on the couch and be awakened throughout the night. Appellant volunteered to stay with her. She remembered that early in the morning, appellant engaged in sexual intercourse with her. (Tr. 244-246).
Therefore, the jury had sufficient credible evidence before it from which to convict appellant on the charges for corruption of a minor. His conviction in this regard was not against the manifest weight of the evidence.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The trial court erred in denying the indigent Appellant the appointment of a psychiatric expert at the State's expense."
Appellant argues that due process requires the appointment of a psychiatric expert at the state's expense to determine whether an indigent person convicted of a sexually oriented crime may be classified a sexual predator pursuant to R.C. 2950.09. Appellant insists that this is an issue of first impression for Ohio courts.
Plaintiff-appellee, State of Ohio, correctly notes however, that this court recently considered the issue in State v. Woodburn
(Mar. 23, 1999), Columbiana App. No. 98-CO-6, unreported. This court held that sexual predator determination hearings are considered remedial rather than criminal in nature. As such, the standard for determining whether or not to appoint an expert in criminal cases is not applicable to the case at bar. Just as inWoodburn, given that the trial court was not dealing with a criminal proceeding, appellant would be more hard-pressed to show a need for the appointment of an expert.
However, this court went on to consider in Woodburn,
whether under the more accommodating criminal standard, the appellant would qualify for an expert witness at the state's expense. We held that in non-capital cases, "the standard to be applied is abuse of discretion and this court must determine whether the trial court abused its discretion in overruling appellant's motion for psychological examination at the state's expense." Woodburn, supra.
In determining whether to grant such a request in a criminal case, the trial court should consider "(1) the value of the expert assistance to the defendant's proper representation * * *; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought."State v. Jenkins (1984), 15 Ohio St.3d 164, syllabus.
Additionally, the indigent defendant bears the initial burden of establishing the reasonableness of his request. InState v. Scott (1987), 41 Ohio App.3d 313, 315, the court held:
 "At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * *. Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate."
In the case at bar, appellant merely requested the appointment of a psychological expert. (Tr. 323). He offered no specific facts or evidence concerning how the appointment of such an expert would aid his defense in the sexual predator determination hearing. In light of Woodburn, supra, the trial court did not abuse its discretion in overruling appellant's motion for the appointment of a psychological expert.
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "The trial court erred in designating Appellant a sexual predator, as the trial court denied appellant an opportunity to prepare and be heard on this issue, and the State of Ohio failed to meet its burden of proving Appellant a sexual predator by clear and convincing evidence."
Immediately after the jury returned its guilty verdict, appellant moved to continue the sentencing hearing and for a separate hearing to determine whether he should be classified a sexual predator. The trial court denied both motions. (Tr. 323). The trial court went on to sentence appellant and classify him as a sexual predator. The trial court found, "based upon the evidence here at trial and the previous presentence report and psychological evaluation attached to that report, I find the Defendant is a sexual predator and he is hereby adjudicated as such." (Tr. 324).
First, appellant argues that the trial court heard no evidence tending to show that he was a sexual predator. The trial court found appellant to be a sexual predator without stating any reasons beyond a previous presentence report and the evidence at trial. Appellant contends that conviction of a sexually oriented offense with nothing more, is not sufficient to support a sexual predator determination.
Next, appellant argues that he did not receive notice of the hearing. Therefore, appellant concludes that the trial court's determination that he was a sexual predator should be reversed.
R.C. 2950.09 provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. R.C.2950.09(B)(1) and (C)(2) provide that any potential candidate for sexual predator adjudication be afforded notice and a hearing on the matter and be provided the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status, including but not limited to, those factors set forth in R.C. 2950.09(B)(2), as follows:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
After a trial court has received evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09(B)(2), it must determine whether it has been presented with clear and convincing evidence that the offender does, in fact, qualify as a sexual predator. R.C. 2950.09(B)(3). Specifically, a trial court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented offenses in the future.
Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier-of-fact, a firm belief or conviction as to the facts sought to be established. CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122. "`Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier-of-facts had sufficient evidence before it to satisfy the requisite degree of proof.'" In re Mental Illness of Thomas (1996), 108 Ohio App.3d 697,700 (quoting State v. Schiebel (1990), 55 Ohio St.3d 71, 74). In reviewing the record however, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Thomas, supra.
The record in the case at bar reveals that the trial court did not consider the factors set forth in R.C. 2950.09(B)(2) in determining whether to classify appellant as a sexual predator. In its judgment entry filed June 23, 1998, the trial court stated:
 "The Court has considered the evidence at trial, the documents and statements it read during trial, oral statements made by the defense counsel and the State, and any statement or testimony made by the Defendant in light of R.C. 2929.11 and R.C. 2929.12.
"The Court finds pursuant to Chapter 2950 that the Defendant has been convicted of sexually oriented offenses, being three counts of Rape, a violation of Section 2907.02(A)(1)(b) and two counts of Corruption of a Minor, violations of Section 2907.04(A), and the Court designates him a sexual predator pursuant to ORC 2940.01 (sic) [2950.09]."
No additional evidence was presented at the sexual predator classification hearing. Appellee merely recommended that the trial court classify appellant a sexual predator based upon the facts and circumstances of the crime. (Tr. 324). Therefore, the trial court did not find by clear and convincing evidence that appellant qualified as a sexual predator.
Furthermore, appellant did not receive proper notice of the hearing. The record in this case indicates that no notice as to the date, time and location of the hearing was given to appellant. In State v. Higgenbotham (Mar. 21, 2000), Belmont App. No. 97-BA-70, unreported, this court held that failure to provide notice of a sexual predator hearing to a defendant, denying him the opportunity to call witnesses and prepare a defense on the issue, constituted a denial of his due process rights. Such failure requires that the sexual predator classification be vacated and the matter remanded for a sexual predator determination hearing with proper notice to all parties. On remand, the trial court must consider the factors set forth in R.C. 2950.09(B)(2).
Appellant's third assignment of error is found to be with merit.
Finally, appellant failed to submit a brief concerning the trial court's denial of his motion for a new trial. As such, this court may dismiss his appeal in that regard pursuant to App.R. 18(C). Based upon the lack of merit found within appellant's first assignment of error and his failure to file a brief, appellant's appeal under case no. 98-CO-68, concerning the trial court's denial of his motion for a new trial, is dismissed.
The judgment of the trial court is affirmed in part, reversed in part and remanded for a sexual predator determination hearing with proper notice to all parties, in accordance with law and consistent with this opinion.
VUKOVICH, J., WAITE, J., concurs.